

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **MOMAX, LLC** | § | |
| **Plaintiff** | § | **CIVIL ACTION NO.** |
| | § | |
| **v.** | § | **4:07-CV-0432-A** |
| | § | |
| **TRC NUTRITIONAL LABORATORIES, INC.** | § | |
| **ELMER G. HEINRICH** | § | |
| **SHIRLEY A. HEINRICH** | § | |
| **R. D. "ROCKY" HEINRICH** | § | |
| **L. P. "LARRY" HEINRICH** | § | |
| **B. E. RUEMED** | § | |
| **ELMER G. HEINRICH TRUST** | § | |
| **SHIRLEY A. HEINRICH TRUST** | § | |
| **Defendants** | | |

## FINAL JUDGMENT

In consideration of the agreement of the undersigned parties, through their attorneys, to the entry of this judgment (the "Judgment"),

IT IS ORDERED, ADJUDGED AND DECREED that TRC Nutritional Labs ("TRC Labs"), Elmer G. Heinrich ("Elmer Heinrich"), Shirley A. Heinrich ("Shirley Heinrich"), the Elmer G. Heinrich Trust ("EGH Trust"), and the Shirley A. Heinrich Trust ("SAH Trust") shall jointly and severally pay to Momax, LLC ("Momax") the sum of **$4,300,000.00**, together with interest thereon, or the unpaid balance thereof, at the rate of 2.30% per annum, compounded annually.

IT IS ORDERED, ADJUDGED, AND DECREED that the parties agree that the Judgment shall be paid according to the terms of Exhibit A, attached hereto.

IT IS THEREFORE ORDERED, ADJUDGED and DECREED that as used in the Judgment "transfer", "transfers", "transferring" or any other variation thereof shall mean every

**Final Judgment, page 1**

mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property.

IT IS ORDERED, ADJUDGED AND DECREED, that TRC Labs, and all persons or entities in active concert or participation with TRC Labs, are hereby permanently enjoined, restrained, prohibited, and barred from any act or inaction that transfers any interest in any property owned by TRC Labs or in which TRC Labs asserts any interest; provided however, that TRC Labs may transfer goods to customers of TRC Labs and make payment of fair and reasonable amounts to sellers (excluding lenders of money) of services, goods or products to TRC Labs.

IT IS ORDERED, ADJUDGED AND DECREED that TRC Labs, and all persons or entities in active concert or participation with TRC Labs, are permanently enjoined, restrained, prohibited and barred from any act or inaction that allows any person or entity to obtain or have any security interest in or against property owned by TRC Labs or in which TRC Labs has an interest; provided that the now existing liens of Bank of Oklahoma, N.A. ("BOK"), UMB Bank, N.A. ("UMB"); and Small Business Capital Corporation ("SBCC") against property owned by TRC Labs or in which TRC Labs has an interest shall be allowed to remain against such property of TRC Labs.

IT IS ORDERED, ADJUDGED, AND DECREED that TRC Labs, and all persons or entities in active concert or participation with TRC Labs, are permanently enjoined, restrained, prohibited and barred from any act or inaction that increases the indebtedness owed to BOK to an amount greater than the amount owed on the date of this Judgment.

IT IS ORDERED, ADJUDGED, AND DECREED that TRC Labs, and all persons or entities in active concert or participation with TRC Labs, are permanently enjoined, restrained,

prohibited and barred from any act or inaction that increases the indebtedness owed to UMB to an amount greater than the amount owed on the date of this Judgment or, if the indebtedness owed to UMB is reduced by the amount of proceeds received by Elmer Heinrich from a yacht (the "Yacht") owned by Elmer Heinrich, the amount thereafter owed to UMB shall not exceed the amount owed to UMB after the payment of the proceeds from the sale of the Yacht.

IT IS ORDERED, ADJUDGED, AND DECREED that TRC Labs, and all persons or entities in active concert or participation with TRC Labs, are permanently enjoined, restrained, prohibited and barred from any act or inaction that increases the indebtedness owed to SBCC to an amount greater than the amount owed on the date of this Judgment.

IT IS ORDERED, ADJUDGED AND DECREED that TRC Labs, and all persons or entities in active concert or participation with TRC Labs, are permanently enjoined, restrained, prohibited and barred from the issuance any security, including, but not limited to stock, bonds, debentures and warrants.

IT IS ORDERED, ADJUDGED AND DECREED that TRC Labs, and all persons or entities in active concert or participation with TRC Labs, are hereby permanently enjoined, restrained, prohibited, and barred from any act to form a legal entity to engage in a business that is substantially similar to the business of TRC Labs, TRC Minerals, or The Rockland Corporation.

IT IS ORDERED, ADJUDGED AND DECREED that Elmer Heinrich, and all persons or entities in active concert or participation with Elmer Heinrich, are hereby permanently enjoined, restrained, prohibited, and barred from any act or inaction that transfers any interest in any property, other than money to pay normal, ordinary, and necessary living expenses, owned by

Elmer Heinrich or in which Elmer Heinrich asserts any interest; provided however, that Elmer Heinrich may make gifts to family members in the amount of $1,000 each annually.

IT IS ORDERED, ADJUDGED AND DECREED that Elmer Heinrich, and all persons or entities in active concert or participation with Elmer Heinrich, are permanently enjoined, restrained, prohibited and barred from any act or inaction that allows any person or entity to obtain or have any security interest in or against property owned by Elmer Heinrich or in which Elmer Heinrich has an interest.

IT IS ORDERED, ADJUDGED, AND DECREED that Elmer Heinrich is permanently enjoined, restrained, prohibited, and barred from any act or allowing any officer, director, or agent of TRC Minerals, Inc. ("TRC Minerals") to engage in any act or inaction that transfers any property owned by TRC Minerals or in which TRC Minerals asserts any interest; provided however, that TRC Minerals may transfer goods to customers of TRC Minerals and make payment of fair and reasonable amounts to sellers (excluding lenders of money) of services, goods or products to TRC Minerals.

IT IS ORDERED, ADJUDGED AND DECREED that Elmer Heinrich is permanently enjoined, restrained, prohibited, and barred from any act or allowing any officer, director, or agent of TRC Minerals to engage in any act or inaction that allows any person or entity to obtain or have any security interest in or against property owned by TRC Minerals or in which TRC Minerals has an interest; provided that the now existing lien UMB against property owned by TRC Minerals or in which TRC Minerals has an interest shall be allowed to remain against such property of TRC Minerals.

IT IS ORDERED, ADJUDGED AND DECREED that Elmer Heinrich is permanently enjoined, restrained, prohibited, and barred from any act or allowing any officer, director, or

agent of TRC Minerals to engage in any act or inaction that increases the indebtedness owed by

TRC Minerals to UMB to an amount greater than the amount owed on the date of this Judgment

or, if the indebtedness owed to UMB is reduced by the amount of proceeds received by Elmer

Heinrich from a yacht (the "Yacht") owned by Elmer Heinrich, the amount thereafter owed to

UMB shall not exceed the amount owed to UMB after the payment of the proceeds from the sale

of the Yacht.

IT IS ORDERED, ADJUDGED AND DECREED that Elmer Heinrich, and all persons or

entities in active concert or participation with Elmer Heinrich, are hereby permanently enjoined,

restrained, prohibited, and barred from any act to form a legal entity to engage in a business that

is substantially similar to the business of TRC Labs, TRC Minerals, or The Rockland

Corporation.

IT IS ORDERED, ADJUDGED AND DECREED that Shirley Heinrich, and all persons

or entities in active concert or participation with Shirley Heinrich, are hereby permanently

enjoined, restrained, prohibited, and barred from any act or inaction that transfers any interest in

any property owned by Shirley Heinrich or in which Shirley Heinrich asserts any interest;

provided however, that Shirley Heinrich may transfer money to pay normal, ordinary, and

necessary living expenses and make gifts to family members in an amount not to exceed $1,000

each annually.

IT IS ORDERED, ADJUDGED AND DECREED that Shirley Heinrich, and all persons

or entities in active concert or participation with Shirley Heinrich, are permanently enjoined,

restrained, prohibited and barred from any act or inaction that allows any person or entity obtain

or have any security interest in or against property owned by Shirley Heinrich or in which

Shirley Heinrich has an interest.

Final Judgment, page 5

IT IS ORDERED, ADJUDGED, AND DECREED that Shirley Heinrich is permanently enjoined, restrained, prohibited, and barred from any act or allowing any officer, director, or agent of TRC Minerals to engage in any act or inaction that transfers any interest in any property owned by TRC Minerals or in which TRC Minerals asserts any interest; provided however, that TRC Minerals may transfer goods to customers of TRC Minerals and make payment of fair and reasonable amounts to sellers (excluding lenders of money) of services, goods or products to TRC Minerals.

IT IS ORDERED, ADJUDGED AND DECREED that Shirley Heinrich is permanently enjoined, restrained, prohibited, and barred from any act or allowing any officer, director, or agent of TRC Minerals to engage in any act or inaction that allows any person or entity to obtain or have any security interest in or against property owned by TRC Minerals or in which TRC Minerals has an interest; provided that the now existing lien UMB against property owned by TRC Minerals or in which TRC Minerals has an interest shall be allowed to remain against the assets of TRC Minerals.

IT IS ORDERED, ADJUDGED AND DECREED that Shirley Heinrich is permanently enjoined, restrained, prohibited, and barred from any act or allowing any officer, director, or agent of TRC Minerals to engage in any act or inaction that increases the indebtedness owed by TRC Minerals to UMB to an amount greater than the amount owed on the date of this Judgment.

IT IS ORDERED, ADJUDGED AND DECREED that Shirley Heinrich, and all persons or entities in active concert or participation with Shirley Heinrich, are hereby permanently enjoined, restrained, prohibited, and barred from any act to form a legal entity to engage in a business that is substantially similar to the business of TRC Labs, TRC Minerals, or The Rockland Corporation.

**Final Judgment, page 6**

IT IS ORDERED, ADJUDGED AND DECREED that the EGH Trust, and all persons or entities in active concert or participation with the EGH Trust, are hereby permanently enjoined, restrained, prohibited, and barred from any act or inaction that transfers any interest in any property owned by the EGH Trust or in which the EGH Trust asserts any interest except to pay taxes owed by the EGH Trust.

IT IS ORDERED, ADJUDGED AND DECREED that the EGH, and all persons or entities in active concert or participation with the EGH Trust, are permanently enjoined, restrained, prohibited and barred from any act or inaction that allows any person or entity to obtain or have any security interest in or against property owned by the EGH Trust or in which the EGH Trust has an interest.

IT IS ORDERED, ADJUDGED AND DECREED that the SAH Trust, and all persons or entities in active concert or participation with the SAH Trust, are hereby permanently enjoined, restrained, prohibited, and barred from any act or inaction that transfers any interest in any property owned by the SAH Trust or in which the SAH Trust asserts any interest, except to pay taxes owed by the SAH Trust.

IT IS ORDERED, ADJUDGED AND DECREED that the SAH Trust, and all persons or entities in active concert or participation with the SAH Trust, are permanently enjoined, restrained, prohibited and barred from any act or inaction that allows any person or entity to obtain or haveany security interest in or against property owned by the SAH Trust or in which the SAH Trust has an interest.

IT IS ORDERED, ADJUDGED, AND DECREED that any act or action that is enjoined prohibited, restrained and/or barred by this Judgment is permitted and allowed if: (A) Momax consents in writing to the act or inaction with the writing signed by Max R. Greer or any

successor of his at Momax; (B) the Judgment is paid in full from the proceeds of the act or

inaction; (C) if the Defendants sell assets (i) for the approximate fair market value of the assets;

(ii) to persons or entities who are not insiders or affiliates of any of the Debtors; and (iii) Momax

(a) receives ninety percent  of the net proceeds of the sale after the payment, if any, to a creditor

secured by the property that is sold or (b) the net proceeds of the sale after the payment, if any to

a creditor secured by the property that is sold are used to purchase equipment and the Defendant

who owns the purchased property (y) grants Momax a purchase money security interest in the

purchased property and (z) executes and delivers to Momax's counsel such documents that

Momax will prepare to allow Momax to perfect a purchase money security interest in the

purchased property the aggregate amount of property that Defendants can purchase under this

subsection (C)(iii)(b) shall be $500,000; (D) borrow money on a secured basis if the net

proceeds of the borrowing are paid to Momax; (E) borrow money on a secured basis provided

that the aggregate amount of secured debt owed by all Defendants other than Elmer Heinrich to

all secured lenders, including BOK, UMB, and SBCC, shall not exceed $2,750,000; (F) engage

in transactions that renew, restructure, or modify debt that exists on the date of this Judgment;

provided that the transaction does not increase the secured debts of Defendants other than Elmer

Heinrich above $2,750,000; or (G) Elmer Heinrich may re-finance that loan from BOK secured

by the property located at 12320 E. Skelly Dr., Tulsa, Oklahoma and may increase the debt owed

on the building by an amount not to exceed $500,000.

      IT IS ORDERED, ADJUDGED AND DECREED that the Defendants admit that the debt

evidenced by this judgment is and shall be non-dischargeable by reason of 11 U.S.C. §523(a)(2),

(4), and (6) in any case in which a Defendant is a debtor or debtor in possession under Title 11,

United States Code.

**Final Judgment, page 8**

IT IS ORDERED, ADJUDGED AND DECREED that the claims of Momax against R.

D. "Rocky" Heinrich are dismissed.

IT IS ORDERED, ADJUDGED AND DECREED that the claims of Momax against L.P.

"Larry" Heinrich are dismissed.

IT IS ORDERED, ADJUDGED, AND DECREED that the claims of Momax against B.

E.  Ruemed are dismissed.

Signed on August 6, 2008.

_____
UNITED STATES DISTRICT JUDGE

AGREED TO:

_____
Richard W. Ward
Texas Bar No. 20846350
6860 N. Dallas Parkway
Suite 200
Plano, TX 75024
Telephone: 214-220-2402
Facsimile: 972-499-7240
Email: rwward@airmail.net
Attorney for Momax, LLC

_____
Anthony Michael Kaufman
Texas Bar No. 11112000
10633 Pagewood Dr.
Dallas, TX 75230
Co-counsel for Momax, LLC
Telephone: 214-368-6664

**Final Judgment, page 9**

CRADDOCK DAVIS & KRAUSE LLP

Kent C. Krause
TEXAS BAR NO. 11714600
3100 Monticello Avenue, Suite 550
Dallas, TX  75205
Telephone: 214-750-3550
Attorney for
Elmer G. Heinrich
Shirley A. Heinrich
Elmer G. Heinrich Trust
Shirley A. Heinrich Trust

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is entered into this 6th day of August, 2008, by and among MOMAX, LLC and TRC NUTRITIONAL LABS, INC. ("TRC Labs"), Elmer G. Heinrich ("Elmer Heinrich"), Shirley A. Heinrich ("Shirley Heinrich"), Elmer G. Heinrich Trust (the 'EGH Trust') and Shirley A. Heinrich Trust (the "SAH Trust").

WHEREAS, MOMAX, LLC is a company doing business in Tarrant County, Texas (hereafter referred to as "Claimant");

WHEREAS, TRC LABS, Elmer Heinrich, Shirley Heinrich, the EGH Trust and the SAH Trust (collectively "Defendants") are residents of Tulsa, Oklahoma or Jupiter, Florida;

WHEREAS, on September 30, 2005, Claimant obtained a judgment against The Rockland Corporation for $3,373.514.96, with interest of $568,968.71, plus post-judgment interest accruing at the applicable federal rate from the date of judgment until paid, plus costs of court (the "Rockland Judgment");

WHEREAS, Claimant filed suit against Defendants, and other parties against whom claims have been dismissed, in the United States District Court for the Northern District of Texas, in case no. 4:07-CV-0432-A (the "Second Suit") seeking the avoidance of any and all transfers from The Rockland Corporation to the Defendants, injunctive relief to prohibit transferring any assets by or among the Defendants, and damages; and

WHEREAS, Claimant and Defendants have agreed to settle and compromise the matters in controversy among them, as well as on behalf of The Rockland Corporation, upon the terms and conditions hereinafter set forth, including the execution and entry of a judgment (the "Judgment") in the Second Suit.

NOW THEREFORE, the undersigned Claimant and Defendants for and in consideration of the mutual promises, covenants and conditions hereinafter set forth, agree as follows:

1.      Defendants, jointly and severally, shall pay to Claimant, in full and complete settlement of the Rockland Judgment, and the Judgment a total of $2,500,000.00.  All payments shall be made by wire transfer to the trust account of Richard W. Ward with routing and account numbers to be provided in writing by Richard W. Ward to counsel for the Defendants.  The payments by the Defendants in settlement of the Judgment shall be made in the following amounts and shall be due on the following dates:

       a.      $800,000.00, on or before August 26, 2008;

       b.      $10,000.00, on or before October, 1, 2008;

       c.      $10,000.00, on or before November 1, 2008;

       d.      $10,000.00, on or before December 1, 2008;

       e.      $200,000.00, on or before January 1, 2009;

       f.      $10,000.00, on or before February 1, 2009;

       g.      $10,000.00, on or before March, 1, 2009;

       h.      $10,000.00, on or before April 1, 2009;

       i.      $300,000.00, on or before May 1, 2009;

       j.      $10,000.00, on or before June 1, 2009;

       k.      $10,000.00, on or before July 1, 2009;

       l.      $10,000.00, on or before August 1, 2009;

       m.      $10,000.00, on or before September 1, 2009; and

       n.      $20,000.00 per month for forty-five (45) months, beginning on October 1, 2009, and continuing thereafter on the 1st of each month until final payment on

June 1, 2013.

2.      This Agreement is attached as Exhibit A to the Judgment and shall provide the terms for the payment of the Judgment so long as no default exists under this Agreement or the Judgment.

3.      "Default" shall mean any violation of any provision of this Agreement or a violation of any provision of the Judgment.  So long as Defendants are not in Default, Claimant, or its attorneys or agents shall not abstract or otherwise execute the Judgment or enforce any security interest of the Claimant in the US Naturals Asset, as defined herein.  Upon a Default by the Defendants, Claimant shall be entitled to take any action in law or equity or pursuant to contract or the Judgment that the Claimant feels is appropriate to enforce the Judgment and the Claimant may  enforce the Judgment up to the full amount stated in the Judgment, minus payments, if any, made by Defendants before the Default.  Additionally, upon default, Claimant shall be entitled to enforce the security agreement against the US Naturals Asset, as such security agreement and asset are defined herein.

4.      This Agreement may be declared in default by Claimant, if any payment set forth in paragraph 1 above is not received within 5 business days of the due date, or if Defendants fail to perform or observe any of the covenants or provisions of this Agreement or the Judgment; provided, however, that Claimant shall give written notice and a ten (10) day grace period to cure the Default before this Agreement may be declared in default.   If a Default continues or remains uncured after the expiration of the applicable grace period, if any, Claimant may take all steps in law or in equity that Claimant deems appropriate to enforce the Judgment in its full amount less credit for any payment received under this Agreement, including, without limitation, abstracting the Judgment and causing execution to be issued.  Defendant shall be entitled to receive and Claimant shall be

obligated to deliver only one notice of default of payment in a calendar year; if a second act of default of payment occurs in a calendar year, Defendants shall not be entitled to any notice of default and Claimant may enforce the Judgment and take actions that Claimant deems appropriate against the US Naturals Asset, without any notice on the tenth (10TH) calendar day after the date of the Default.  In the event of the Default, any actions taken by Claimant are cumulative and the taking or not taking of any action will in no way limit the right of the Claimant to take any other act or action.  Notwithstanding anything contained in this Agreement to the contrary, there shall be no grace period for the payment due on August 26, 2008; if that payment is not made on August 26, 2008, a Default shall have occurred and the Defendants shall have no right to cure the Default.

5.      Provided that no default exists, Claimant agrees to execute Releases of Judgment in the forms attached as Exhibit "B" and "C" and deliver such executed forms to Elmer Heinrich within ten (10) days of receipt of the final payment made by Defendants under this Agreement.

6.      Defendants grant Claimant a security interest in any and all interest that any of the Defendants have in that agreement between Elmer Heinrich and U.S. Naturals, Inc.  (The rights of Elmer Heinrich under the agreement with US Naturals, Inc. shall be referred to herein as the US Naturals Asset".)    Defendants agree to provide any and all documents evidencing the transaction between US Naturals, Inc. and Elmer Heinrich to Claimant so that Claimant can determine the correct means to perfect the security interest in the US Naturals Asset.  Failure to deliver these documents, or if no documents are in existence affidavits from Elmer Heinrich and shall use best efforts to obtain an affidavit from Peter Willoughby that describe the transaction shall be a Default under this Agreement; delivery of the documents or the affidavits  must be made to Richard W. Ward by August 26, 2008.  While no Default exists Defendants during a

calendar year may collect, through one or more payments, and use an amount not to exceed $280,000; any payments in excess of $280,000 that Defendants receive from US Naturals, Inc. in a calendar year shall be paid to Claimant and shall be a prepayment of the then existing balance owed under this Agreement.  Defendants agree to execute a security agreement that Claimant will prepare granting Claimants a security interest in the US Naturals Assets and to execute such other documents as are reasonably deemed necessary by Claimant to obtain and perfect a security agreement in the US Naturals Asset.  If Claimant determines that the security interest of Claimant in and to the US Naturals Assets can be perfected only by possession of the document evidencing the US Naturals Asset, Defendants shall deliver possession of that document to Richard W. Ward to perfect the security interest granted to Claimant in the US Naturals Asset.  Defendants authorize Claimant to take any action, including, but not limited to the filing of a UCC-1 financing statement in any jurisdiction in which the Claimants deem appropriate to perfect the security interest of Claimant in the US Naturals Asset. Defendants represent that no lien exists on the US Naturals Asset and that the lien granted to Claimant shall be a lien of first priority.  If a lien exists on the US Naturals Asset a default shall have occurred, subject to the notice and cure requirements stated in paragraph 4 of this Agreement.  At any time following a Default, no Defendant will demand, nor accept any payment from US Naturals, Inc. and any payments received by any Defendant from US Naturals, Inc. shall be held in trust by the Defendant for the sole and exclusive benefit for of Claimant and shall be promptly paid over to Claimant and applied to the payment of the Judgment.

7.    Defendants agree that Defendants shall immediately designate Claimant as the primary beneficiary to any existing life insurance policies on the life of Elmer Heinrich (the "Life Policy") and to the extent any policies mature and pay, the balance then owed to Claimant at that

time, will be paid in full, with the remaining benefits, if any, under the Life Policy payable to such other beneficiaries as may be designated from time to time. Defendants shall provide Claimant with proof of the designation as beneficiary and shall establish procedures under the Life Policy for Claimant to receive such notices as are issued from time to time by the issuer of the Life Policy, including, but not limited to, any notices of cancellation of the Life Policy. Defendants shall make all premium payments on the Life Policy while amounts are owed to Claimant under this Agreement. If the Life Policy is cancelled before the Defendants complete the payments to Claimant under this Agreement a default shall have occurred, subject to notice and cure provisions of this Agreement.

8.      Claimant agrees that Defendants may operate their businesses in the ordinary scope and course of business. So long as there exists no default by Defendants under this Agreement or the Judgment with respect to the performance of any obligation, covenant, or agreement contained in this Agreement or any term of the Judgment, Defendants have the right to collect all sales, revenues, profits, and other income from their businesses and assets and to retain, use, and enjoy the same. Claimant agrees that the Agreed Judgment and any obligations of Defendants in this Agreement shall be and remain subject and subordinate to any existing deeds of trust, liens, security agreements already in existence at the date of the execution this Agreement and on file under any appropriate public record and any extensions, renewals, or modifications thereof, as applicable to Defendants and The Rockland Corporation; provided that this subordination shall not apply to liens asserted by any of the Defendants or any affiliate (as defined in 11 U.S.C. §101(2))  of any Defendant or insider (as defined in 11 U.S.C. §101(31)) of any of Defendant, which insider claims and proceeds paid to or on account of  such claims are expressly subordinated to rights of Claimant as stated in paragraph 9 of this Agreement.   It shall be an

event of default under this Agreement if any holder of an existing deed of trust, lien, or security agreement already in existence conducts a sale of any property of any Defendant or receives any property of any Defendant in satisfaction of a debt owed to such lender based on or following a default under any mortgage, deed of trust, or security interest of any kind. Any security interests of any Defendant in or against property of any other Defendant shall be assigned to Claimant and an appropriate UCC document executed by the Defendant who is the secured party and delivered to Claimant.

9.  Each of the Defendants intentionally and unconditionally subordinates any and all claims of any type, including, but not limited to claims secured pursuant to any security agreement, of any or each of the Defendants against any or each and every other Defendant (such claims are the "Subordinated Claims") to the Judgment and the payment of the Judgment as set forth under this Agreement. Each of the Defendants irrevocably consents and directs that the Judgment be paid in full prior any Defendant making any payments on any Subordinated Claims, except that the Defendants shall be permitted, so long as no default occurs under this Agreement, to make payments on the Subordinate Claims. At any time following a Default, no Defendant will demand, nor accept any payment under any Subordinate Claim and any payments received by any Defendant in violation of the foregoing agreement shall be held in trust by the Defendant for the sole and exclusive benefit for of Claimant and shall be promptly paid over to Claimant.

10.  Whenever under this Agreement a provision is made for demand, notice or declaration of any kind, or where it is deemed desirable or necessary by either party to give or serve any such notice, demand or declaration to the other party, it shall be in writing and served either personally, by overnight delivery service, or by United States Mail, Certified, postage prepaid, addressed to the addresses set forth herein below:

TRC NUTRITIONAL LABORATORIES, INC.
12320 East Skelly Drive
Tulsa, OK 74128
Telephone: 918-437-7310

Elmer G. Heinrich
Shirley A. Heinrich
Elmer G. Heinrich Trust
Shirley A. Heinrich Trust
Admirals Cove
119 Spinnaker Lane
Jupiter, FL 33477
Telephone: 561-747-6642

with a copy to:

Kent C. Krause
CRADDOCK DAVIS & KRAUSE LLP
3100 Monticello Avenue, Suite 550
Dallas, TX 75205
Telephone: 214-750-3550

MOMAX, LLC
c/o Richard W. Ward
LAW OFFICE OF RICHARD W. WARD
6860 North Dallas Parkway
Suite 200
Plano, TX 75024
Telephone: 214-220-2402

with a copy to:

Anthony Michael Kaufman
10633 Pagewood Dr.
Dallas, TX 75230
Telephone: 214-368-6664

11.     It is expressly understood and agreed by Claimant and Defendants that they have

carefully reviewed this Agreement, that they understand its terms and that they have relied wholly

upon their own judgment and knowledge and have not been influenced to any extent whatsoever

in making this Agreement by any representations or statements made by another party hereto or

anyone acting on behalf of another party hereto; that the aforesaid considerations stated herein is contractual and not a mere recital; that all agreements and understandings between the parties are embodied and expressed herein and in the Judgment; that this Agreement and the Judgment state the entire agreement of the parties hereto and supersedes all prior and contemporaneous negotiations and agreements, oral and written, and all prior contemporaneous negotiations and agreements are deemed incorporated into this Agreement or are deemed to have been abandoned if not so incorporated herein; that this Agreement may be waived only by a written waiver signed by the party or parties hereto granting the waiver; that the waiver of any breach of this Agreement shall not operate to be construed as a waiver of any other similar or prior to subsequent breach of this Agreement; that this Agreement is governed by the laws of the State of Texas and that venue shall lie in Tarrant County, Texas.

This Agreement is effective as of the date first written above.

**TRC NUTRITIONAL LABS, INC.**

Date:  August 6, 2008                    By:_____
                                        Its: _____

Date:  August 6, 2008                    _____
                                        Elmer G. Heinrich

Date:  August 6, 2008                    _____
                                        Shirley A. Heinrich

**ELMER G. HEINRICH TRUST**

Date:  August 6, 2008                    By:_____
                                             Shirley A. Heinrich, Its Trustee


**SHIRLEY A. HEINRICH TRUST**

Date:  August 6, 2008                    By:_____
                                             Elmer G. Heinrich, Its Trustee


<u>**CLAIMANT:**</u>
MOMAX, LLC

Date:  August 6, 2008                    By: _____
                                             Its:_____


STATE OF TEXAS          §
                        §
COUNTY OF TARRANT       §

  On this ___ day of August, 2008, before the undersigned Notary Public for the State of Texas, personally appeared _____of MOMAX, LLC, known to me to be the person whose name is subscribed to the foregoing Agreement, and acknowledged to me that he is duly authorized to execute this Agreement on behalf of Momax, LLC.


[S E A L]                    _____
                             Notary Public, State of Texas


STATE OF TEXAS          §

§
COUNTY OF DALLAS           §

On this ___ day of August, 2008, before the undersigned Notary Public for the State of
Texas, personally appeared Elmer G. Heinrich, of TRC NUTRITIONAL LABS, INC., known to me
to be the person whose name is subscribed to the foregoing Agreement, and acknowledged to me
that he is duly authorized to execute this Agreement on behalf of TRC Nutritional Labs, Inc.


[S E A L]                     _____
                              Notary Public, State of Texas


STATE OF TEXAS           §
                         §
COUNTY OF DALLAS         §

On this ___ day of August, 2008, before the undersigned Notary Public for the State of
Texas, personally appeared Elmer G. Heinrich, known to me to be the person whose name is
subscribed to the foregoing Agreement, and acknowledged to me that he is duly authorized to
execute this Agreement.


[S E A L]                     _____
                              Notary Public, State of Texas

STATE OF TEXAS           §
                         §
COUNTY OF DALLAS         §

On this ___ day of August, 2008, before the undersigned Notary Public for the State of
Texas, personally appeared Shirley A. Heinrich, known to me to be the person whose name is
subscribed to the foregoing Agreement, and acknowledged to me that she is duly authorized to
execute this Agreement.


[S E A L]                     _____
                              Notary Public, State of Texas


STATE OF TEXAS               §

---

SETTLEMENT AGREEMENT                                              PAGE 11 OF 12

**Exhibit A to Final Judgment signed August 6, 2008, in Case No. 4:07-CV-432-A (Page 11 of 12)**

COUNTY OF DALLAS §
§

    On this ___ day of August, 2008, before the undersigned Notary Public for the State of Texas, personally appeared Shirley A. Heinrich, of Elmer G. Heinrich Trust known to me to be the person whose name is subscribed to the foregoing Agreement, and acknowledged to me that he is duly authorized to execute this Agreement.


[S E A L]                                   _____
                                   Notary Public, State of Texas


STATE OF TEXAS §
                        §
COUNTY OF DALLAS §

    On this __ day of August, 2008, before the undersigned Notary Public for the State of Texas, personally appeared Elmer G. Heinrich, of Shirley A. Heinrich Trust known to me to be the person whose name is subscribed to the foregoing Agreement, and acknowledged to me that she is duly authorized to execute this Agreement.


[S E A L]                                   _____
                                   Notary Public, State of Texas